```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division

REBECCA BURLAGE,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. 1:07cv352
                                    )
SUMMERVILLE SENIOR LIVING,          )
INC., et al.,                       )
                                    )
        Defendants.                 )
```

MEMORANDUM OPINION

THIS MATTER came before the Court upon the Motion by plaintiff REBECCA BURLAGE to Compel Discovery (# 84).

IT APPEARING that plaintiff seeks discovery of the timing and circumstances of the writing and delivery of a letter from defendants' counsel to plaintiff regarding her eviction from the premises in question.

UPON REVIEW of the pleadings, it appears to the Court that the information plaintiff requests–the date and time of defendants' decision to consult counsel and of that very communication with counsel–is protected by the attorney-client privilege.

It is true that the attorney-client "privilege extends only to communications and not to facts." Upjohn Co. v. United States, 449 U.S. 383, 395 (1981) (emphasis in original). But the privilege does cover "[c]onfidential communications between an attorney and client made because of that relationship and

concerning the subject matter of attorney employment." <u>Commonwealth v. Edwards</u>, 235 Va. 499, 508-09 (1988) (quoting <u>Grant v. Harris</u>, 116 Va. 642, 648 (1914)).  "The privilege attaches not to the information but to the communication of the information."  <u>United States v. O'Malley</u>, 786 F.2d 786, 794 (7th Cir. 1986).  The privilege protects the communication itself, not the facts conveyed in the communication.

Plaintiff asserts she wants to know only facts-the dates and times-regarding the decision to consult counsel and that communication with counsel about the eviction letter.  But defendants have already produced a privilege log setting forth the dates of the communications protected by the attorney-client privilege or work product doctrine.  If communications between defendants and counsel took place regarding the eviction letter, presumably they are there included.  Therefore, plaintiff already has the facts to which she is entitled.

Requiring defendants to provide greater specificity as to their communications with counsel on particular issues would necessarily reveal the nature of the communications.  The nature of communications between "attorney and client made because of that relationship and concerning the subject matter of attorney employment" is precisely what the privilege protects.

If and when defendants decided to consult with counsel about his drafting an eviction letter, and if and when they did so

consult are issues that go to the nature of defendants' communications with counsel.  Such information is therefore privileged and protected.  Plaintiff is not entitled to it.

An appropriate Order shall issue.

ENTERED this 25th day of October, 2007.

                                   _____/s/_____
                                   THERESA CARROLL BUCHANAN
                                   UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia